PHILLIPS, Respondent, *vs.* EDMONSON, Appellant.

1. E. executed a bond to convey to S. a tract of land, upon payment of the purchase money in four instalments, and S. entered into possession. After two of the instalments were paid, E. recovered judgment for the third, and caused the execution to be levied on the land, which was sold and P. became the purchaser. E. was present at the sale and bid for the land. *Held,* P. only acquired the interest of S. whch was the right to a deed upon payment of the balance of the purchase money.

*Appeal from New Madrid Circuit Court.*

*Glover & Richardson,* for appellant.

RYLAND, Judge, delivered the opinion of the court.

This was an agreed case, upon the following statement of facts : "In 1849, the defendant, Edmonson, sold to one Secoy tract of land, lying in New Madrid county, containing sixty acres, known and described as sixty acres lying and being on the south side of the south-east fractional quarter of section number seven, township twenty-two north, of range fourteen east, to be taken square across from east to west of said fractional quarter, for four hundred dollars, to be paid in fou instalments. The first and second instalments were paid. Suit was brought for the third instalment ; judgment was obtained and execution issued. The sheriff was ordered by Edmonson to levy on the land ; the land was sold by the sheriff to satisfy said judgment. Edmonson was present at the sale and bid for the land. At the time of the sale of said land, by Edmonson to Secoy, Secoy was placed in possession thereof. The plaintiff, Phillips, was the purchaser of said land at the sheriff's sale. No deed has ever passed from Edmonson to Secoy for the land, but a bond was given by the defendant, Edmonson, to make title upon the payment of the purchase money."

Upon these facts the court below decided in favor of Phil-

lips, and declared that all the title, right and interest of the said Edmonson in and to the land aforesaid, be vested in the plaintiff. From this judgment, Edmonson appealed to this court.

The judgment of the court below, decreeing the title to the land in Phillips, is wrong. Phillips only bought the right and title of Secoy to the land, and Secoy had the right to have the land fully conveyed to him by Edmonson, upon the payment of the purchase money. Two instalments only, had been paid ; Secoy's right, therefore, was only the right to demand and have title made when the payment in full therefor had been made. Phillips bought only that right ; Secoy's right only, such as it was, was sold by the sheriff. Now when Phillips pays the balance of the purchase money due on the land, he can become substituted for Secoy and demand the title.

The circumstance of Edmonson standing by and bidding for the land was nothing wrong—nothing inconsistent with morals or law. It was only such right as Secoy had that the sheriff was selling, and any enquiry would have satisfied the purchaser. To make the presence of Edmonson and his bid operate to convey to the purchaser of Secoy's interest the right and title of Edmonson, would be not only impolitic but unjust.

The judgment of the court below is, with the concurrence of the other judges, reversed.